IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ENRIQUE CADIZ RODRIGUEZ                                    PETITIONER

VERSUS                          CIVIL ACTION NO. 5:25-cv-164-DCB-BWR

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT            RESPONDENTS

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, sua sponte.   On December 18, 2025, pro se Petitioner Enrique Cadiz Rodriguez, A #074-059-529, filed a petition for habeas corpus relief under 28 U.S.C. § 2241.   Pet. [1] at 1–8.   Petitioner challenges his detention by immigration authorities at the Adams County Detention Facility in Natchez, Mississippi.   *Id*. at 1.   Petitioner was directed to file a response stating the name of his custodian on or before January 26, 2026.   Order [4] at 2.   Petitioner was warned that failure to comply could result in the dismissal of this case.   *Id*.   Petitioner did not comply.

When Petitioner failed to comply, the Court entered an Order to Show Cause [5] directing Petitioner to file a written response to explain why this case should not be dismissed and state the name of his custodian on or before February 25, 2025.   Order [5] at 1.   Petitioner was warned that failure to comply could result in the dismissal of this case.   *Id*. at 2.   Again, Petitioner did not comply.

The Court then entered a Second and Final Order to Show Cause [6] directing Petitioner to show cause and to comply with the Order [4] on or before March 24, 2026.   Order [6] at 2. That Order [6] warned Petitioner that "[t]his was Petitioner's final opportunity to comply with the Order [4]."   *Id*.   To date, Petitioner has not responded.

The Court has repeatedly warned Petitioner that failure to comply would result in an order dismissing his claims without further notice.   *Id*.; Order [5] at 2; Order [4] at 2; Notice [1-2] at

1.[1]   The Court has the authority to dismiss an action for Petitioner's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte.   *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).   The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.   *Link,* 370 U.S. at 630.   Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.   *Id.* at 630–31.   The Court's authority to dismiss an action for failure to prosecute extends to habeas corpus petitions.   *See Martinez v. Johnson,* 104 F.3d 769, 772 (5th Cir. 1997).

As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile.   *See Tello v. Comm'r.*, 410 F.3d 743, 744 (5th Cir. 2005).   Dismissal without prejudice is warranted.

IT IS, THEREFORE, ORDERED AND ADJUDGED that pro se Petitioner's habeas corpus Petition [1] is dismissed without prejudice for failure to prosecute and obey the Orders of the Court.[2]   A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED, this the   2nd   day of April, 2026.

s/David Bramlette
UNITED STATES DISTRICT JUDGE

---

[1] The envelopes containing the Orders [4, 5, 6] and the Notice of Assignment [1-2] were not returned as undeliverable.

[2] A certificate of appealability (COA) is not required to appeal the denial of relief under 28 U.S.C. § 2241 when the petitioner is in federal detention.   *See Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005) (citing *Ojo v. I.N.S*, 106 F.3d 680, 681 (5th Cir.1997)).